**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Noah Rouse Jr. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case. No. |
| v | ) | |
| | ) | |
| | ) | The honorable Judge: |
| Chicago Transit Authority | ) | |
| | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendant | ) | |

Noah Rouse Jr., ("Plaintiff"), by and through her attorney, Ryan Scott Nalley, in support of his Complaint against Defendants, ("Defendants"), states the following.

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over the instant matter pursuant to 28 U.S.C. § 1331, which states that federal district courts have primary jurisdiction over actions that arise under the laws of the United States. Plaintiff alleges various violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et. seq.* and section 504 of Rehabilitation Act of 1973. 29 U.S.C. § 794.

2. Venue is proper as all actions and events giving rise to this action occurred within the Northern District of Illinois.

### FACTS COMMON TO ALL COUNTS

3. Plaintiff began working as a bus driver for the Chicago Transit Authority, ("CTA") on July 7, 1997.

4. At all times material the CTA was a "program or activity" as defined by section 504 of the Rehabilitation Act of 1973, and received federal funding. 29 U.S.C. § 794.

5. At all times material the CTA was a Public Transportation Entity as defined by Section 12141 of Title II of the American's with Disabilities Act, and was otherwise a public entity based on section 12131 of the same. 42 U.S.C. §§ 12141, 12131.

6. In or around July of 2009, Plaintiff was diagnosed with renal failure, which required dialysis on a regular basis.

7. That from August of 2011 to the present, Plaintiff has been a qualified individual with a disability pursuant to section 504 of the Rehabilitation Act of 1973 and Title II of the American's with Disabilities Act in that he suffered from a disability which effected the major life function of walking, working, talking, and living in general without the routine dialysis and/or a kidney transplant; however, he was at all times material, and is able to perform the essential duties of his job with or without a reasonable accommodation.

8. Specifically, as of August of 2011 until the present Plaintiff was able to drive a bus so long as he was given a schedule which permitted him to attend his dialysis sessions.

9. That during such times, he requested that he work a shift that would allow him to receive his thrice weekly dialysis—the receipt of which of absolute importance to his immediate well-being.

10. Such schedule change would only be effective if it allowed Plaintiff to work prior to receiving the dialysis, as the immediate after-effects cause to be scheduled prior to having the treatment.

11. That Plaintiff was kept on off duty status through July 6, 2012, Plaintiff was kept on off duty status, under a CTA program known as Area 605.

12. That Defendants refused to reinstate Plaintiff to his original position on the grounds that he was unable to perform the essential duties of job, despite that Plaintiff and his doctors had made it apparent on many occasions during said period that Plaintiff was able to perform the essential duties of position with a reasonable accommodation, and/or was able to perform light duty or part time jobs.

13. However, in order for Plaintiff to return to work, Defendants required a medical release with no work restrictions.

14. On various occasions during such time periods he made requests for reasonable accommodations which would allow him to return to work which include, but are not limited to, light duty, reassignment, change in schedule.

15. At all times material, or at least within the previous two-years open positions were available in which Plaintiff was available and willing, and qualified to be re-assigned to.

16. Upon information and belief, the CTA, within the previous two years acquired new buses which would have eliminated the only potential restriction toward using the bus, specifically, the need to lift 50 pounds.

17. Further, Defendants could have made accommodations to his schedule which would have allowed his dialyses to continue, and allowed him to continue to work a full-time position driving a bus route.

18. That Defendants refused to engage in any interactive process with Plaintiff.

19. That Defendants kept Plaintiff in the area 605 program, and informed him that he could not return to any position without a being released to work without any restrictions.

20. That at all times material, Plaintiff was a qualified individual with a disability under the Rehabilitation Act of 1973 as he suffered from renal failure, but could have worked with a reasonable accommodation.

**COUNT I**
**Violation of Section 504 of the Rehabilitation Act of 1973**

21. Plaintiff re-alleges and incorporates paragraphs 1 through 19 as stated above herein and alleges further:

22. That Defendants violated Plaintiff's rights pursuant to section 504 of the Rehabilitation Act of 1973 in that they:

      i.      Requiring Plaintiff to submit a release which contained *no work restrictions* on July 6, 2012.

      ii.      For ultimately terminating Plaintiff's employment on July 6, 2012 for the sole reason that he suffered from a disability.

      iii.      For denying Plaintiff a reasonable accommodation.

      iv.      For refusing to engage in an interactive process.

      v.      For terminating Plaintiff while knowing that he could he could return to the bus with minimal accommodations, and/or place Plaintiff in a position

WHEREFORE, Plaintiff requests that liability be entered against Defendants on all counts and for the following damages are assessed:

1. Reinstatement to the position of bus driver or some other position which is available.

2. All lost wages including back wages, front wages, and loss of future earnings and potential future earnings.

2. Compensatory damages for emotional distress.

3. Punitive damages

4. Attorney's fees and costs.

## COUNT II
### -Violation of Title II of the ADA-

23.  Plaintiff re-alleges and incorporates paragraphs 1 through 22 as stated above and states

further.

24. That Defendants violated Title II of ADA in through the following actions:

    i.     Terminating Plaintiff's employment, and in doing so depriving him of a public service with which other similarly situated non-disabled employees were granted access to.

    ii.    Denying Plaintiff the meaningful enjoyment of program, area 605 by requiring him, on July 12, 2012, to either submit a release to work or to be separated from his employment with the CTA.

    iii.    By refusing to engage in an interactive process with Plaintiff before terminating him.

    iv.    For terminating for the sole reason of his disability.

WHEREFORE, Plaintiff requests that liability be entered against Defendants on all counts and for the following damages are assessed:

1. Reinstatement to the position of bus driver or some other position which is available.

2. All lost wages including back wages, front wages, and loss of future earnings and potential future earnings.

3. Compensatory damages for emotional distress.

4. The maximum amount of punitive damages.

5. Attorney's fees and costs.

JURY TRIAL REQUESTED

Respectfully submitted,

/s/Ryan Scott Nalley

The Law Office of Ryan Scott Nalley
105 West Adams St Ste. 2800
Chicago, Illinois 60603
773.621.6809
312.422.0767 fax
attorney@ryannalleylaw.com